# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

BULKLEY & ASSOCIATES, LLC § 
    *Plaintiff*, § Civil Action No. 4:19-cv-735
§ Judge Mazzant
v. §
§
OCCUPATIONAL SAFETY AND §
HEALTH APPEALS BOARD OF THE §
STATE OF CALIFORNIA, *et al*. §
    *Defendants*, §

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (FRCP 12(b)(2)) (Dkt. #12) and Bulkley & Associates, LLC's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. #6).

After consideration, the Court is of the opinion that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (FRCP 12(b)(2)) (Dkt. #12) should be **GRANTED** and Bulkley & Associates, LLC's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. #6) should accordingly be **DENIED as moot**.

## BACKGROUND

### I. Factual Summary

The facts at issue here are identical in every respect to those in this Court's decision in *Bulkley & Assocs., LLC v. Occupational Safety & Health Appeals Bd. Of Cal.*, No. 4:18-cv-642, 2019 WL 2411544 (E.D. Tex. June 7, 2019) (*Bulkley I*), save one distinction. As explained in the following discussion, Plaintiff now claims to have evidence that Defendants established minimum contacts with the state of Texas by conducting an investigation there. Defendants unequivocally

deny ever traveling to Texas or conducting an investigation there and provide affidavits declaring the same. The facts giving rise to this dispute, which are reproduced virtually verbatim from the Court's *Bulkley I* decision, are provided below.

Plaintiff Bulkley & Associates, LLC is a Texas limited liability company that transports refrigerated goods. This can require travelling across state lines. At some point, a Bulkley delivery driver fell out of the back of his truck while driving through Salinas, California. This incident prompted the State of California Department of Industrial Relations, Division of Occupational Safety and Health (the "Division") to issue three citations against Bulkley for "(a) fail[ing] to timely report the injury to [the appropriate California agency]; (b) fail[ing] to develop and implement an 'Injury and Illness Prevention Program;' and (c) fail[ing] to require what California believes is appropriate foot protection for drivers working at customer locations and climbing in and out of refrigerated trailers" (Dkt. #9 at p. 5).

Bulkley appealed the citations to the Occupational Safety and Health Appeals Board of the State of California (the "Appeals Board"). Bulkley argued that the Agency "lacked jurisdiction over Bulkley, both as a matter of California statutory law and federal constitutional law," since Bulkley "is not an employer of the State of California, is engaged in interstate commerce, and does not have a place of business in the State of California" (Dkt. #9 at p. 7). But the Appeals Board disagreed and "refused to set these citations aside" (Dkt. #9 at p. 8).

Bulkley subsequently filed a writ of mandamus in the District Court of Hopkins County, Texas 62nd Judicial District (the "Hopkins County District Court") seeking to overturn the Appeals Board decision. The Division and the Agency (collectively, the "California Public Entities") subsequently removed the case to this Court, and the Court dismissed the action for lack of personal jurisdiction. *Bulkley I*, 2019 WL 2411544, at *6.

## II. Procedural History

On September 25, 2019, this action was commenced in the District Court of Hopkins County, Texas. On October 8, 2019, this action was removed (Dkt. #1). On October 10, 2019, Plaintiff filed a motion for a temporary restraining order and preliminary injunction (Dkt. #6). On October 16, 2019, the California Public Entities filed a response (Dkt. #7). On October 21, 2019, Plaintiff filed a reply (Dkt. #8).

On November 8, 2019, Plaintiff filed an amended complaint (Dkt. #11). On November 27, 2019, the California Public Entities filed a motion to dismiss for lack of personal jurisdiction (Dkt. #12). On December 11, 2019, Plaintiff filed a response (Dkt. #13).

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)).

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a *prima facie* case supporting jurisdiction" if a court rules on a motion without an evidentiary hearing. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts

3

established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists." *Id.* (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 161, 1067 (5th Cir. 1992)). However, if a court holds an evidentiary hearing, a plaintiff "must establish jurisdiction by a preponderance of the admissible evidence." *In re Chinese Manufactured Drywall Prods. Liab. Lit.*, 742 F.3d 576, 585 (5th Cir. 2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008)).

**ANALYSIS**

The Parties continue to dispute whether personal jurisdiction exists over the California Public Entities. In *Bulkley I*, the Court considered and rejected multiple bases of personal jurisdiction over the California Public Entities. Only one of those arguments is renewed here—namely, whether the Due Process clause of the United States Constitution permits the Court to exercise personal jurisdiction over the California Public Entities.

Although the Court in *Bulkley I* held specifically that "[t]he California Public Entities have not purposely directed the minimum contacts necessary for the Court to exercise personal jurisdiction over this action," Plaintiff claims that the Due Process analysis has changed since then. It maintains that the Division conducted an inspection and is threatening to conduct future inspections at its place of business in Hopkins County, Texas. To support this, Plaintiff relies on a letter sent by the Division on September 9, 2019. The letter references a previous inspection at "a place of employment maintained by" Plaintiff, and it threatens a future "follow-up inspection at [Plaintiff's] place of employment." (Dkt. #6-1 at p. 9). Plaintiff argues that "the claimed prior inspection and threatened future inspection can reference only one possible location: [Plaintiff's] place of business in Hopkins County, Texas." (Dkt. #13).

4

The California Public Entities disagree, claiming that the location referred to in the September 9, 2019 letter was not a place in Hopkins County, Texas but instead a location in Salinas, California. For support, the California Public Entities point to an attachment to the September 9, 2019 letter referencing the "violations observed during the inspection completed on 09/04/2015 of the place of employment located at 900 East Blanco Road, Salinas, CA." (Dkt. #6-1 at p. 10). Indeed, the California Public Entities deny conducting or planning to conduct any investigation in Texas and insist that the only investigation conducted occurred in Salinas, California.[1]

With this procedural posture and factual summary in mind, the Court turns now to the question whether it has personal jurisdiction over the California Public Entities.

## I.  Traditional Personal Jurisdiction Analysis

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id.* And second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution.

### A.  *The Texas Long-Arm Statute*

The Court notes as an initial matter that the personal jurisdiction analysis as it relates to the Texas long-arm statute has not changed since the Court's Memorandum Opinion and Order in *Bulkley I*. *See Bulkley I*, 2019 WL 2411544, at *4. Accordingly, the Court will turn to the Due Process analysis.

---

[1] The Court provides the specific declarations relevant to this point in subpart I(B), *infra*.

### B. Due Process Under the United States Constitution

Plaintiff argues that the Due Process analysis has changed since the Court's *Bulkley I* decision. Specifically, it claims that the California Public Entities have created minimum contacts with the state of Texas by conducting an inspection at Plaintiff's place of business in Hopkins County, Texas. The Court disagrees.

At the 12(b)(2) stage, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp.*, 259 F. Supp. 2d at 557 (citing *Wyatt*, 686 F.2d at 282–83 n.13); *accord Black*, 564 F.2d at 683 n.3. And here, despite Plaintiff's allegations that the California Public Entities have established minimum contacts with the state of Texas, the record contains affidavits and declarations directly contradicting those claims. In particular, the declarations submitted with Defendants' response to Plaintiff's motion for a temporary restraining order, filed over a month before this motion to dismiss, included the following: (1) declaration by Deputy Attorney General of California, Nelson Richards, claiming that the Division had not and had no plans to conduct inspections in Texas; (2) declaration by lead analyst for the Department of Industrial Relations' Collections Unit, Joella Hudson, discussing the citation issued to Plaintiff as a result of the inspection in Salinas, California; and (3) declaration of District Manager of the Division, Kelly Tatum, that the only inspection of Plaintiff conducted by the Division occurred in Salinas, California.

Because the Court has already conducted the full Due Process analysis in *Bulkley I*, it will not rehash that discussion here. It is sufficient simply to say that there is nothing new that has occurred between the *Bulkley I* decision and now that would create minimum contacts between the California Public Entities and the state of Texas. Plaintiff's position rests *entirely* on the notion that the California Public Entities conducted an investigation in Texas; but the California Public

6

Entities' declarations directly contradict this. Indeed, the evidence suggests that there was only one investigation conducted—one that occurred in Salinas, California. Without anything more, the Court is accordingly not persuaded that anything has occurred since its *Bulkley I* decision that changes the Due Process analysis at all.

Because the Court still lacks personal jurisdiction under the traditional due process analysis since the California Public Entities lack any meaningful contacts with the state, the California Public Entities' motion to dismiss should be granted.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (FRCP 12(b)(2)) (Dkt. #12) is **GRANTED**. The Occupational Safety and Health Appeals Board of the State of California; and the State of California Department of Industrial Relations, Division of Occupational Safety and Health are hereby **DISMISSED without prejudice**.

It is further **ORDERED** that Bulkley & Associates, LLC's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. #6) is **DENIED as moot**.

The Clerk of the Court is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

**SIGNED this 13th day of December, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE